DAVID A. RIEGELS – 043857
4208 H Street
Post Office Box 19579
Sacramento, CA 95819-0579
Telephone: (916) 739-0988

Attorney for Plaintiff
MERCEDES-BENZ USA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER CHRYSLER AG and MERCEDES-BENZ OF NORTH AMERICA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TOM STEPHENS, dba MERCEDES SERVICE CENTER,<br><br>　　　　　Defendant. | No. CIV. S-99-0076 FCD<br><br>STIPULATION FOR ENTRY OF ORDER AND ORDER ADJUDGING TOM STEPHENS IN VIOLATION OF JUDGMENT AND PERMANENT INJUNCTION<br><br>Date: July 11, 2008<br>Time: 10:00 a.m.<br>Courtroom No. 2 |

FACTUAL BASIS FOR ORDER

Plaintiff Mercedes-Benz USA, LLC, as successor in interest to Mercedes-Benz of North America, Inc., by and through its attorney of record, and defendant Tom Stephens, individually and by and through his attorney of record, hereby stipulate that, prior to, and at, the time Plaintiff filed and served its motion for an order to show cause on May 12, 2008, Defendant Tom Stephens was in violation of the Judgment and Permanent Injunction entered by the court in this matter on January 14, 2004 as follows:

A. Violations by Defendant regarding the designation "Mercedes" as a trade or business name:

1. Using the designation "Mercedes" as Defendant's "also known as" business names "Tom's Mercedes", "Steve's Mercedes", "Stephens Mercedes", and "Mercedes Service

Center" in Defendant's "Yellowpages.com" listing.

B. Violations by Defendant regarding the designation "Mercedes-Benz":

1. Trade or Business Name:

(a). Using the designation "Mercedes-Benz" as Defendant's business name "Stephens Mercedes-Benz" in Defendant's "Yellowpages.com" listing.

(b). Using the designation "Mercedes-Benz" as Defendant's "also known as" business names "Sacramento Mercedes-Benz Stephens", "Mercedes-Benz Stephens", "Mercedes-Benz Repair", "Mercedes-Benz Elvas", and "Independent Mercedes-Benz" in Defendant's "Yellowpages.com" listing.

2. Signage:

(a). Displaying, at Defendant's business premises located at 5600 Elvas Avenue, Sacramento, California, business signs in each of Defendant's two repair shop areas which used the designation "Mercedes-Benz".

(b). Displaying, at Defendant's business premises located at 5600 Elvas Avenue, Sacramento, California, a business sign in the corner of Defendant's parking area which used the designation "Mercedes-Benz".

3. Business Card:

Using the designation"Mercedes-Benz" at two different places on Defendant's business card.

4. Advertising:

(a). Using the designation "Mercedes-Benz" in the URL for Defendant's business website "www.stephensmercedesbenz.com."

(b). Using the designation "Mercedes-Benz" on the "Home" page of Defendant's business website "www.stephensmercedesbenz.com."

(c). Using the designation "Mercedes-Benz" on the "About Us" page of Defendant's business website "www.stephensmercedesbenz.com."

(d). Using the designation "Mercedes-Benz" on the "Services" page of Defendant's business website "www.stephensmercedesbenz.com."

(e). Using the designation "Mercedes-Benz" at two places on the "Repairs" page of Defendant's business website "www.stephensmercedesbenz.com."

(f). Using the designation "Mercedes-Benz" on the "What's New" page of Defendant's business website "www.stephensmercedesbenz.com."

(g). Using the designation "Mercedes-Benz" on the "Weblog" page of Defendant's business website "www.stephensmercedesbenz.com."

(h). Using the designation "Mercedes-Benz" on the "Feedback" page of Defendant's business website "www.stephensmercedesbenz.com."

C. Violations by Defendant regarding the "Three-Pointed Star" mark:

1. Signage:

(a). Displaying, at Defendant's business premises located at 5600 Elvas Avenue, Sacramento, California, the design of a Three-Pointed Star on business signs in each of Defendant's two repair shop areas.

(b). Displaying, at Defendant's business premises located at 5600 Elvas Avenue, Sacramento, California, the design of a Three-Pointed Star on a business sign in the corner of Defendant's parking area.

2. Business Card:

Using the design of a Three-Pointed Star in three dimensional form on Defendant's business card.

3. Uniforms:

Using the design of a Three-Pointed Star on Defendant's business uniforms.

4. Advertising:

(a). Using the design of a Three-Pointed Star in three dimensional form on the "Home" page of Defendant's business website "www.stephensmercedesbenz.com."

(b). Using the design of a Three-Pointed Star in three dimensional form on the "About Us" page of Defendant's business website "www.stephensmercedesbenz.com."

(c). Using the design of a Three-Pointed Star in three dimensional form on the "Services" page of Defendant's business website.

(d). Using the design of a Three-Pointed Star in three dimensional form on the "Repairs" page of Defendant's business website "www.stephensmercedesbenz.com."

(e). Using the design of a Three-Pointed Star in three dimensional form on the "What's New" page of Defendant's business website "www.stephensmercedesbenz.com."

(f). Using the design of a Three-Pointed Star in three dimensional form on the "Weblog" page of Defendant's business website "www.stephensmercedesbenz.com."

(g). Using the design of a Three-Pointed Star in three dimensional form on the "Feedback" page of Defendant's business website "www.stephensmercedesbenz.com.

## ORDER

Therefore, Plaintiff Mercedes-Benz USA, LLC, by and through its attorney of record, and defendant Tom Stephens, individually and by and through his attorney of record, hereby further stipulate that the Court may enter the following order adjudging Defendant Tom Stephens in violation of the Judgment and Permanent Injunction entered by the court in this matter on January 14, 2004:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED by this Court that:

(1) Defendant TOM STEPHENS is found to have violated the terms of the June 14, 2004 Judgment and Permanent Injunction, a copy of which is attached hereto as Exhibit A, permanently and forever enjoining and restraining him from directly or indirectly:

> 1. Using any name or mark consisting of or including the designations "Mercedes" or "Mercedes-Benz", the design of a Three-Pointed Star in two or three dimensional form, as depicted in Exhibits A through G attached hereto, or any name or mark similar thereto or any colorable imitation thereof, including but not limited to "MB", "MBZ" or "Benz" in his trade or business name or in or on any signs, flags, banners, business cards, uniforms, rubber stamps, advertising through any medium including the Internet, promotional flyers or brochures, stickers, telephone directory listings, checks, invoices, order forms, license plate holders, business cards, stationery, printed matter, or the like, or on any goods not originating with or not expressly authorized by plaintiffs, or either of them."

(2) Plaintiff Mercedes-Benz USA, LLC is awarded liquidated damages of $10,000, and $9,000 as its costs and its attorney's fees, all as provided in Paragraph 6 of the June 14, 2004 Judgment and Permanent Injunction. Defendant shall make payment to Plaintiff within thirty days of the date of this stipulation and order by delivering a check for $19,000 payable

to Mercedes-Benz USA, LLC.

(3) Should Defendant Tom Stephens again be in violation of June 14, 2004 Judgment and Permanent Injunction, the court will enter an order imposing daily a fine of $1,000 against him for each day that he violates the June 14, 2004 Judgment and Permanent Injunction in addition to the liquidated damages and attorney's fees provided in paragraph 6 of the Judgment and Permanent Injunction.

(4) Within thirty days after the entry of this Order, Defendant shall instruct in writing each telephone directory, city directory, "Yellow Pages" directory or other directory in which Defendant is listed or advertises using a name or mark including "Mercedes", "Mercedes-Benz", "MB", "MBZ" or "Benz" or using Plaintiff's Three-Pointed Star Mark, to remove that name, mark, listing or advertisement from that directory.

(5) Within thirty days after entry of this Order, Defendant shall file and serve on Plaintiff's counsel a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with this Order.

(6) All terms and provisions of this Court's June 14, 2004 Judgment and Permanent Injunction remain in full force and effect.

(7) Defendant's use of the designations "Mercedes-Benz" or "Mercedes" in full compliance with the provisions of Paragraph 1 of the 2000 Settlement Agreement, which was incorporated in this Court's October 23, 2000 Order, will not be deemed to be a violation of this present Order or of the Court's June 14, 2004 Judgment and Permanent Injunction.

DATED: July _____, 2008

                  DAVID A. RIEGELS

                  Attorney for Plaintiff

DATED: July 1, 2008

                  */s/ Tom Stephens*

                  TOM STEPHENS

DATED:  July 1, 2008

DONALD H.HELLER
DONALD H. HELLER
A LAW CORPORATION

/s/ *Donald H. Heller*

Attorney for Defendant

IT IS SO ORDERED:

DATED: July 1, 2008

FRANK C. DAMRELL, JR.
United States District Judge